FILED
CLERK
2:30 pm, Sep 11, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIMMIE O. ROBINSON, individually and on
behalf of all others similarly situated,

                      Plaintiff,

      v.

DIANA CONTAINERSHIPS INC., SYMEON
P. PALIOS, ANDREAS MICHALOPOULOS,
ANASTASIOS MARGARONIS, KALANI
INVESTMENTS LIMITED, MURCHINSON
LTD., and MARC BISTRICER,

                      Defendants.
------------------------------------------------------------X

**ORDER**
17-CV-6160 (SJF) (SIL)

FEUERSTEIN, District Judge:

       By order dated April 30, 2018, the Court, *inter alia,* (a) granted the motion of lead plaintiff movants Burcin Ekser, Steven Gerber, and Gianfilippo Mogavero (collectively, the "Diana Investor Group") for appointment as lead plaintiff and its selection of Scott+Scott, Attorneys at Law LLP ("Scott+Scott") and Pomerantz LLP ("Pomerantz") as co-lead counsel for the putative class in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (b) appointed the Diana Investor Group as lead plaintiff; (c) approved its selection of Scott+Scott and Pomerantz as co-lead counsel for the putative class; and (d) denied all competing motions for appointment of lead plaintiff and lead. Pending before the Court is a motion for reconsideration of that order submitted by John Novack and Walter Aerts (the "Novack-Aerts Group") seeking an order vacating that decision, appointing it as lead plaintiff, and approving its choice of Robbins Geller Rudman & Dowd LLP as lead counsel. *See* Motion, Docket Entry ("DE") [58]. For the reasons stated below, the motion for reconsideration is denied.

## I. BACKGROUND

Familiarity of the facts of this case is assumed. In brief, the complaint alleges, *inter alia*, that defendant Symeon P. Palios ("Palios"), the Chief Executive Officer and Chairman of the Board of defendant Diana Containerships Inc. ("Diana"), *see* Complaint ("Compl.") ¶6, DE [1], caused Diana

> to engage in a series of manipulative share issuance/sales transactions with [defendant] Kalani [Investments Limited ("Kalani")] and related entities. The manipulative scheme . . . worked as follows: Through his control of Diana, Palios caused Diana to sell its common shares and securities convertible into common shares to Kalani at a significant discount to market price and to file registration statements so that Kalani could resell these shares into the market. When Kalani's sales of Diana stock caused the price of Diana stock to decline, [Diana] would reverse split the stock, causing a certain number of outstanding shares to be merged into a single share, and thereby raise the price of Diana stock. Then Diana would again sell securities to Kalani and the same pattern of transactions would ensue.

*Id.* ¶21. The case is a class action on behalf of all purchasers of Diana common stock during the Class Period, which the complaint alleges begins on January 26, 2017, *id.* ¶ 23, and runs through October 3, 2017. For the purposes of this Order, this Class Period will be referred to as the "Short CP."

On October 25, 2017, a second securities class action litigation concerning the allegedly fraudulent Diana scheme was commenced. *See Little v. Diana Containerships Inc.,* 17-cv-6236 ("*Little*"). The *Little* complaint alleges essentially the same scheme over same time period as in the *Robinson* complaint, January 26, 2017 through October 3, 2017, inclusive.

A third securities class action concerning Diana was commenced on December 15, 2017. *See Austin v. Diana Containerships Inc.,* 17-cv-7329 ("*Austin*"). The Class Period set forth in the *Austin* complaint runs from June 9, 2016 through October 3, 2017, inclusive. For the purposes of this Order, this Class Period will be referred to as the "Long CP." The *Austin* complaint alleges that the first reverse stock split of Diana's common shares took place on June 9, 2016. *Austin* Complaint, ¶5.

On December 22, 2017, six motions for appointment as lead plaintiff and as lead counsel were filed. Several of the motions also sought consolidation of the three cases. At the close of briefing, two competing applications for lead plaintiff remained, that of the Diana Investor Group and that of the Novack-Aerts Group.[1]

On April 30, 2018, this Court issued an oral ruling on the pending motions. *See* Transcript of 4/30/18 ("Tr."), DE [59-1]. Consolidation of the three actions was found to be appropriate and thus the motions to consolidate were granted. Tr. at 10. As to the appointment motions, the Court noted that the two remaining applications were timely made and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, leaving the sole issue of "which group has the higher financial or most substantial loss." Tr. at 10. With reference to factors set forth in *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), the Court noted that the loss suffered is the most important appropriate factor.

Turning to the application of the relevant law here, the Court acknowledged the Novack-Aerts Group's contention that it was the presumptive lead plaintiff group because it suffered the largest losses within the Short CP, but found that the Diana Investor Group had the largest financial loss using the Long CP. The Court determined that use of the "longer, most inclusive class period identified [. . .] encompasses more potential class members." Tr. at 11 (quoting *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 113 (E.D.N.Y. 2012)). It was further noted that the Novack-Aerts Group had not shown that the Diana Investor Group lacked cohesion or the ability to effectively manage the litigation.

The Court also addressed the Novack-Aerts Group's argument that allegations in the *Austin* complaint leading to the use of the Long CP urged by the Diana Investor Group were, to

---

[1] Three applications were withdrawn, and a fourth was never pursued.

use its words, "both implausible and obviously frivolous." Tr. at 11. The Court expressly disagreed, finding that reverse stock splitting took place during the longer period. Additional argument followed on the class period issue and the sufficiency of the allegations in the *Austin* complaint. After hearing all the argument, the Court appointed the Diana Investor Group as lead plaintiff and appointed its choice of counsel, Scott+Scott and Pomerantz, as co-lead counsel. Pending before the Court is the Novack-Aerts Group's motion for reconsideration of that order.

## II. LEGAL STANDARDS

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local [Civil] Rule 6.3." *U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y.,* 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted).

Reconsideration is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple." *Analytical Surveys,* 684 F.3d at 52 (internal quotation marks, alterations, and citation omitted). Nor is it proper to advance new arguments that could have been raised on the original

4

motion. *See, e.g., Salveson v. JP Morgan Chase & Co.,* 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) ("A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made" (internal quotation marks and citation omitted)), *aff'd,* 663 F. App'x 71 (2d Cir. 2016); *Norton v. Town of Islip*, No. 04-CV-3079, 2013 WL 84896, at *3 (E.D.N.Y. Jan. 7, 2013) ("A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion" (internal quotation marks and citation omitted)). Motions for reconsideration are committed to the sound discretion of the district court. *See Belfiore v. Procter & Gamble Co.,* 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015); *Hunt v. Enzo Biochem, Inc.,* No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007).

### III. DISCUSSION

The Novack-Aerts Group's motion for reconsideration focuses on the Court's decision to consider losses incurred within the Long CP. It argues that if only the Short CP is used, it suffered the greatest financial loss and thus should be appointed lead plaintiff. In support of its motion, it argues that the Diana Investor Group "improperly led the Court to believe" that the *Austin* complaint contained a valid claim for fraud when in fact, it claims, there are no allegations of fraud occurring during that part of the Long CP that is not covered by the Short CP. Novack-Aerts Mem. of Law in Support at 2, DE [59]. The Novack-Aerts Group charges that the Diana Investor Group has "misrepresented what this case is about 'in an effort to manipulate the lead plaintiff determination.'" *Id.* at 4. It additionally argues that using the longer class period will not encompass more potential class members because, again, there is no relief being sought by the class prior to January 26, 2017. In response, the Diana Investor Group

argues, *inter alia,* that the basis for the Novack-Aerts Group's motion is simply a rehashing of arguments made in the original motions and orally before the Court.

This motion for reconsideration constitutes the Novack-Aerts Group's fourth attempt to present the same arguments on the same issue. A review of the memoranda submitted by the Novack-Aerts Group regarding the original motion shows that it raised these exact issues previously. *See* Novack-Aerts Group Mem. in Support of Motion for Appointment as Lead Plaintiff at 1-3, DE [40]; Novack-Aerts Group Reply Mem. at 1-2, 3-5, DE [42]. The Court also heard oral argument directly on this issue, addressed it, and ruled upon it. On this record, it cannot be said that the argument was overlooked; at best, the Novack-Aerts Group is merely attempting to repackage its earlier arguments or state them in a way that could have been raised in the earlier motion. Accordingly, it has stated no basis for reconsideration of the prior order.

## IV. CONCLUSION

For all the foregoing reasons, the Novack-Aerts Group's motion for reconsideration, DE [58], is denied.

**SO ORDERED**.

    /s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
      September 11, 2019