UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
:
HERBERT SILVERBERG, Individually and on :
Behalf of All Others Similarly Situated, :
:
:
Plaintiff, :
: **MEMORANDUM DECISION**
- against - : **AND ORDER**
:
: 17-cv-4547 (GRB)
DRYSHIPS INC., GEORGE ECONOMOU, :
ANTHONY KANDYLIDIS, KALANI :
INVESTMENTS LIMITED, MURCHINSON :
LTD. and MARC BISTRICER :
:
Defendants. :
:
-------------------------------------------------------- X
:
JIMMIE O. ROBINSON, Individually and On :
Behalf of All Others Similarly Situated, :
: 17-cv-6160 (GRB)
Plaintiff, : **Related Cases:**
: 17-cv-4987(BMC)
- against - : 17-cv-5016(JFB)
: 17-cv-6236(JS)
DIANA CONTAINERSHIPS INC., SYMEON P. : 17-cv-7329(ADS)
PALIOS, ANDREAS MICHALOPOULOS, :
ANASTASIOS MARGARONIS, KALANI :
INVESTMENTS LIMITED, MURCHINSON :
LTD. and MARC BISTRICER, :
:
Defendants. :
:
-------------------------------------------------------- X

**GARY R. BROWN**, United States District Judge.

Review of pending motions to dismiss revealed that, at filing, counsel falsely certified

that these cases arose in Nassau or Suffolk counties. Under this Court's Division of Business

rule, the cases must now be reassigned via random selection to a district judge in the

Brooklyn courthouse. The resulting delay, wasted time, effort and expense is unfortunate but

attributable to counsel's misrepresentations, compounded by spurious efforts to defend indefensible conduct. Thus, this matter will be reassigned consistent with the rules, and pending motions to dismiss will be deemed withdrawn without prejudice to refiling in a manner consistent with the individual practices of the newly assigned judge.

## FACTS AND PROCEDURAL BACKGROUND

This situation began not with any of the six cases filed in this judicial district, but with a seventh filed in the Southern District of New York. In July 2017, attorneys from Pomerantz LLP filed *Hodges v. Dryships*, 17-CV-5368 (JFK) (SDNY). SDNY Action, DE 1. Five days later, Judge Keenan fixed a pretrial conference, not subject to consensual adjournment for September. DE 7. Without explanation, on August 31, 2017, plaintiff filed a notice of voluntary dismissal without prejudice, terminating the action.

In August 2017, attorneys from Robbins Geller Rudman, a firm with a Long Island office, filed *Silverberg v. Dryships*, seeking similar relief in this judicial district. *Silverberg* DE 1. On the civil cover sheet, counsel neglected to specify the county of residence for the plaintiff or any defendant. DE 1-1. However, in that same document, counsel answered "Yes" to questions which implicate this district's Division of Business Rule, to wit: "Did the events or omission giving rise to the claim . . . or a substantial part thereof, occur in Nassau or Suffolk County?" *Id.* Plaintiff's counsel signed the form under the statement "I certify the accuracy of all information provided above." *Id.* Shortly after the filing, the Court was besieged by two years of "competing motions" to appoint lead counsel and lead plaintiffs, including one such application filed on behalf of the Pomerantz firm, which had filed and withdrawn the SDNY Action. *See, e.g. Silverberg* DE 56, 57, 60-62, 71-76, 93, 104-5. Judge

Feuerstein initially appointed neither Robbins Geller nor Pomerantz as lead counsel, but upon reconsideration added Pomerantz to the lead counsel group. *Silverberg* DE 131. Robbins Geller was not recognized as lead counsel.

Just weeks after the filing of *Silverberg*, Robbins Geller filed *Brady v. Top Ships,* 17-cv-4987, another associated case. The next day, another case, *Narine v. Top Ships*, 17-cv-5016 was filed by the Pomerantz firm. On the cover sheet for *Brady*, counsel indicated that the case was related to *Silverman*, and again certified that the case arose entirely or substantially in Nassau or Suffolk counties. Brady, DE 1-1, 2, 11. On the *Narine* cover sheet, a filing in which Robbins Geller played no role, the Pomerantz firm certified that the case was related to *Silverberg*, and that the case arose in Nassau or Suffolk. *Brady* and *Narine* were consolidated, but *Silverberg* was not. *Brady* DE 61.[1] After vigorous motion practice, the Pomerantz firm, *inter alia*, was selected as lead counsel in *Brady* while Robbins Geller was not so appointed.

Two months after the filing of *Brady*, a complaint was filed in *Robinson v. Diana Containerships,* 17-cv-6160, again by Robbins Geller. Counsel stated on the cover sheet that the case, which invokes virtually the same alleged scheme, was related to *Brady* and *Silverberg* and again arose on Long Island. *Robinson,* DE 1-1. *Robinson* was eventually consolidated with two other cases filed against Diana Containerships, *Little v. Diana*, 17-6236, and *Austin v. Diana*, 17-7329. Pomerantz certified that these cases arose in Nassau or Suffolk. DE 1.1.

*Brady v Top Ships* managed to pull ahead in this regatta, with Judge Cogan deciding motions to dismiss under Fed.R.Civ.P. 12(b)(6). In a comprehensive, 33-page decision,

---

[1] Judge Azrack entered an order denying plaintiff's request that *Brady* and *Silverberg* be deemed related cases. *Brady*, Order dated 10/25/17.

Judge Cogan ruled that plaintiffs had failed to plausibly allege market manipulation, misrepresentations or material omissions by defendants, and found that any attempt to do so would be futile. *Brady v. Top Ships Inc*., No. 17-CV-4987 (BMC), 2019 WL 3553999 (E.D.N.Y. Aug. 5, 2019), *aff'd sub nom. Onel v. Top Ships, Inc.,* 806 F. App'x 64 (2d Cir. 2020). The Second Circuit affirmed the dismissal, noting that "the flaw in Plaintiffs' claim — that the defendants fully disclosed each of the complained-about transactions — could not be readily remedied via amendment." *Onel,* 806 F. App'x at 69.

While the appeal was pending, lead counsel in *Silverberg* agreed that pending motions to dismiss should be held in abeyance, as the cases present "common legal issues" and the Circuit's determination would likely "provide some guidance." *Silverberg* DE 196; *cf.* DE 155 at 6 (noting that plaintiffs has identified *Top Ships* as related in three separate filings). Lead counsel in *Robinson* made identical representations. *Robinson*, DE 114. Following the Second Circuit decision, the undersigned held pre-motion conferences and restored the motions to the calendar.[2] The Court's review of those motions raised some questions, which were forwarded to counsel for response. *See Silverberg* and *Robinson*, Orders dated 5/20/21. Robbins Geller submitted letter responses, as did lead plaintiffs' counsel in *Silverberg* and *Robinson*; defendants declined the Court's invitation for a response. *Robinson* DE 154 & 155; *Silverberg* 242 & 243.

---

[2] One would reasonably anticipate that, having run aground in *Brady*, counsel for lead plaintiffs would abandon ship. Instead, counsel endeavor to sail on, like Odysseus facing Scylla and Charybdis, trying to avoid the sweeping currents of the decisions by Judge Cogan and the Second Circuit. Plaintiffs take the position that these cases – which they represented were closely related to *Top Ships* and could well turn on the outcome of the appeal, are now distinguishable and should survive the pending motions to dismiss. *Compare, e.g. Brady*, DE 25 at 2 ("these matters involve essentially the same manipulative strategy, by several of the same defendants, conducted during an overlapping timeframe, and in the same Greek shipping markets"); *Robinson*, DE 2 at 2 ("There is substantial factual and legal overlap between the *Silverberg* and *Brady* actions and the [*Robinson*] action, and absent a determination of relatedness, there could be an unnecessary duplication of judicial efforts"). It seems a dubious proposition but, for the reasons stated herein, the question is not properly before the undersigned.

This opinion follows.

## DISCUSSION

Section 137 of Title 28, United States Code provides that:

 The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.

28 U.S.C. §137(a); *cf. United States v. Keane*, 375 F. Supp. 1201, 1204 (N.D. Ill. 1974)  ("It is well settled that district courts retain the inherent power to control the assignment and transfer of cases so as to facilitate the business of the court and to promote the expeditious administration of justice").  To apply these principles, this district has promulgated "Guidelines for the Division of Business Among District Judges" ("Guidelines"), which provides:

A civil case shall be designated a Long Island case if:

a) the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or

b) in any other case,

i) a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County, or

ii) a substantial part of the events or omissions giving rise to the claim or claims did not occur in the Eastern District of New York and the defendant (or a majority of the defendants if there is more than one) resides in Nassau or Suffolk County or, in an interpleader action, the claimant (or a majority of the claimants if there is more than one) resides in Nassau or Suffolk County.

 Guidelines, 50.1(d).  These Guidelines do not create substantive rights for the parties, but rather, serve only to guide the appropriate assignment of cases.  *Power Up Lending Grp., Ltd. v. Proto Script Pharm. Corp.*, 2017 WL 7411017, at *1 (E.D.N.Y. 2017) ("the Judges of the Court have adopted rules for the internal management of the Court's case load"); *United States v. All Funds on Deposit*, 319 F. Supp. 2d 290, 292–93 (E.D.N.Y. 2004) ("these rules

have been adopted for the "internal management" of the court's case load and state specifically

that they "shall not be deemed to vest any rights in litigants or their attorneys ....").

An erroneous designation of a case as a Long Island case (or, conversely, an improper

failure to do so) generally requires reassignment of that case. As one judge held:

> Under Local Division of Business Rule 50.1(d)(2)(b)(I), a civil case is considered
> a "Long Island case" if a "substantial part of the events or omissions giving rise to
> the claim or claims occurred in Nassau or Suffolk County." In the Civil Cover
> Sheet accompanying the Complaint, Hossain answered "No" when asked if this
> was the case. (Docket Entry # 1–1 at 2.) Of course, as the recitation of facts above
> demonstrates, this was false—after each of Hossain's arrests, he was allegedly
> detained in Nassau County, and the Defendants are Nassau County employees, or
> the County itself. (See Compl. ¶ 11 ("Each and all of the acts of the defendants
> alleged herein were done by said defendants while acting in furtherance of their
> employment by defendant The County of Nassau")). Therefore, the case should
> be transferred to Long Island.

*Hossain v. Cty. of Nassau*, No. 11-CV-3630 NGG LB, 2011 WL 5027641, at *2 (E.D.N.Y. Oct.

21, 2011).

In this case, the Court required that counsel provide a "detailed factual explanation" for

its certification that "the events or omissions giving rise to the claim or claims, or a substantial

part thereof, occur[ed]" in Nassau or Suffolk County. *See Silverberg* and *Robinson*, Orders

dated 5/20/21. In its response, counsel from Robbins Geller unabashedly stated as follows:

> A substantial portion of the events and omissions giving rise to Plaintiffs' claims
> occurred in the Eastern District of New York and in both Nassau County and
> Suffolk County. These cases arise from defendants' alleged issuance of materially
> false and misleading statements and omissions that were disseminated via the
> Internet throughout the United States, including in the Eastern District of New
> York and in Nassau and Suffolk Counties. Furthermore, the securities issued by
> both DryShips and Diana were traded by investors residing throughout the United
> States, including in these jurisdictions, and the object of alleged market
> manipulation by defendants.

*Robinson* DE 154 at 1. While this response gives a theoretical framework by which the representations *might* have been true, this construct is, of course, equally so for the other three counties in this judicial district, or, for that matter, any other county in the United States.

Unfortunately, sophistry aside, other information provided demonstrates that Robbin Geller's certification was simply false. For example, after inquiry by the Court, counsel revealed that the first named plaintiffs in these cases reside in New York County and Oklahoma – a fact "inadvertently" omitted from the cover sheets -- such that the subject stock purchases and related receipt of information had nothing to do with Nassau or Suffolk Counties. *Compare Robinson* DE 155 at 2-3 (citing cases supporting venue in district in which plaintiff "received" and "reviewed" fraudulent statements). Furthermore, in defending its choice of venue,[3] Robbins Geller urges this Court to consider the convenience of the *law firm,*[4] which presumably has something to do with counsel's designation of these cases as "Long Island cases." This also does not explain why the actions filed by the Pomerantz firm, located in the Southern District of New York, without involvement of Robbins, were also falsely designated as arising in Nassau or Suffolk Counties.

Finally – and fatal to any notion that counsel was even attempting to act in good faith in certifying this action as a Long Island case – lead counsel submitted a letter in an effort to defend the choice of venue in *Silverberg* and *Robinson*, which states the following:

---

[3] Like the motions to dismiss, the question of venue is not properly before the undersigned. Venue may well be proper under 15 U.S.C. §78aa, and *may* have been waived by defendants. But the abandonment of the earlier-filed case in the SDNY combined with the false designation of these cases as principally arising on Long Island raises questions of forum shopping that are, to say the least, troubling.

[4] In its filing, Robbins Geller spuriously argues that the locus of the law firm is a proper venue consideration under 28 U.S.C. §1404(a). *Robinson* DE 154 at 3 ("plaintiffs' counsel Robbins Geller Rudman & Dowd LLP maintains primary offices in the Eastern District, and the District represented a convenient forum in which to prosecute the case to minimize costs for the putative class"), *citing* 1404(a). The law is clear: the location of a law firm is not a valid venue consideration. *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.,* 415 F.Supp.2d 370, 374 (S.D.N.Y.2006) ("[T]he convenience of counsel is not an appropriate factor to consider on a motion to transfer"); *Invivo Rsch., Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000) (same).

Defendant Marc Bistricer ("Bistricer"), head of Defendant Murchinson Ltd. and, therefore in control of Kalani, resides at 4611 12th Avenue, Suite 1L, Brooklyn, New York 11219-2514. *See* Second Amended Complaint ("Diana SAC"), ¶23. Brooklyn is in the Eastern District of New York.

*Silverberg*, DE 243 at 6; *Robinson,* DE 155 at 5 (same).   Furthermore, in *Silverberg*, lead counsel notes:

> for each of the share purchase agreements, DryShips used as an agent (variously termed the rights, transfer, and subscription agent) American Stock Transfer & Trust Company, LLC, located at 6201 15th Avenue, Brooklyn, New York 11219

*Id.*  Thus, the only specific ties to this district are links to Brooklyn, belying counsel's representations that the actions arose within the Long Island Division.

It should go unsaid (though, as this case demonstrates, apparently it cannot) that litigants and their counsel are expected to be candid and forthright when certifying information to the Court on the civil cover sheet.  Failure to do so results in substantial interruption, delay and waste of resources.  The actions of Robbins Geller in this matter in falsely certifying these cases as Long Island cases – and then trying to defend its actions with spurious legal arguments -- are reprehensible and could well have subjected the firm to sanctions.[5]  Defendants did not request that sanctions be imposed.  While the Court retains the ability to sanction the firm *sua sponte*, I decline to do so.  The delays and added costs that will inevitably result from this order will hopefully serve as some disincentive to future misconduct.

---

[5] This is not the first time that a Court has criticized Robbins Geller for making false statements in a securities class action.  In fact, it's not the first time this month.  *See In re Grupo Televisa Securities Litigation*, 2021 WL 2000005, at *3 (S.D.N.Y. May 19, 2021).  ("Robbins Geller omitted to state material facts necessary in order to make the statements in its memorandum, in light of the circumstances under which they were made, not misleading.  In the world of securities law, that is a definition of fraud.")

## CONCLUSION

Based on the foregoing, the Clerk is directed to reassign these actions to a district judge in Brooklyn consistent with the Court's rules. All pending motions in these cases are deemed withdrawn without prejudice to refiling in a manner consistent with the individual practices of the newly-assigned judge.

**SO ORDERED.**

/s/(GRB)

_____

U.S.D.J.

Dated: Central Islip, New York
      May 28, 2021